[No. 14103.  Department One.  December 27, 1917.]

NORTHWESTERN LUMBER COMPANY, *Appellant,* v.
D. I. CORNELL *et al., Respondents.*[1]

PRINCIPAL AND AGENT—UNAUTHORIZED ACTS—SILENCE—RATIFICA-
TION.  An unauthorized order of material on the credit of another is
ratified, where the principal did not repudiate the bill for six months
after knowledge of it, and the time for filing a lien on the work
expired during that time.

Appeal from a judgment of the superior court for Pierce
county, Easterday, J., entered December 8, 1916, upon find-
ings in favor of the defendants, dismissing an action on con-
tract, tried to the court.  Reversed.

*Morgan & Brewer,* for appellant.

*C. M. Riddell,* for respondents.

MAIN, J.—The purpose of this action was to recover the
balance claimed to be due for lumber sold and delivered.  The
defendants denied liability, the cause was tried to the court
without a jury, and resulted in a judgment dismissing the
action.  From this judgment, the plaintiff appeals.

The facts are these:  The appellant is engaged in the
lumber business at Hoquiam.  The respondents, under the
firm name of Cornell Brothers, were engaged in the contract-
ing business, with their principal office in the city of Tacoma.
During the summer of the year 1914, the Northwestern
Mausoleum Company, or the Mausoleum Sales Company of
Seattle, was constructing a mausoleum in the city of Ho-
quiam.  One W. K. Steele, an engineer, was superintendent
of the construction.  From time to time, during the three or
four years previous, Steele had been employed as an engineer
by the respondents, and in this capacity, during the early
part of the year 1913, superintended certain construction
work in the city of Hoquiam which the respondents were doing
for the appellant.  When Steele went to Hoquiam for the

[1]Reported in 169 Pac. 590.

purpose of superintending the construction of the mausoleum, he visited the office of the appellant and desired to arrange to purchase lumber for that purpose. He stated that Cornell Brothers were about to construct a mausoleum in Hoquiam and that he desired to purchase lumber upon their credit. This credit was extended and, upon orders from Steele, lumber, from time to time, was delivered by the appellant.

The appellant's evidence, if true, shows that the original invoices, as the lumber was delivered, were mailed to Cornell Brothers at Tacoma, and the duplicates were mailed to Steele in Hoquiam. E. C. Cornell, a member of the firm of Cornell Brothers, testified that that firm did not receive the invoices. The mausoleum was to be constructed under the supervision of E. C. Cornell, representing the respondents, and for this the respondents were to receive ten per cent of the money expended for labor and material in the construction thereof. From time to time, after the work was begun, Steele would mail to the respondents a statement of the amount due for labor and material, and the respondents, in turn, would mail these statements to the mausoleum company, that company would draw its check for the amount payable to the respondents, who thereupon would remit to Steele. In the construction work the respondents furnished a concrete mixer and some other equipment. During the time the work was being prosecuted, E. C. Cornell visited Hoquiam and examined it three or four times. Before the mausoleum was completed, the company which was constructing it transferred Steele to Bellingham, where it was constructing another mausoleum.

After Steele left Hoquiam, E. C. Cornell went there to superintend the completion of the mausoleum. This was during the late fall of the year 1913. The last lumber purchased was on December 4th of that year. While E. C. Cornell was at Hoquiam superintending the completion of the work, he learned that the lumber had been charged to Cornell Brothers. He did not, at that time, advise the ap-

pellant that his firm would not be responsible for the lumber and repudiate the account. After the work was completed and Cornell had returned to Tacoma, some correspondence took place between him and the appellant, and as late as May 24, 1914, in the correspondence, Cornell did not repudiate the account, but stated that he was using every effort to have the mausoleum company take care of it. Six or eight months after E. C. Cornell learned that the lumber had been charged to his firm, the account was repudiated and the present action begun to recover $311.69, the balance due on the account. Cornell denied that Steele was the agent of his firm in constructing the mausoleum or in purchasing the lumber. It is unnecessary here to determine whether this denial would overcome the inference of agency from the other facts, because, assuming that Steele was not the agent of Cornell Brothers, it does not necessarily follow that the appellant is not entitled to recover from the respondents. When E. C. Cornell learned that the lumber had been charged to his firm, it became his duty, within a reasonable time, to notify the appellant that the account was charged without authority and was, therefore, repudiated. Failing in this, the law is that the account is ratified where prejudice has resulted by failure to repudiate the account within a reasonable time. *Saveland v. Green*, 40 Wis. 431; *Heyn v. O'Hagen*, 60 Mich. 150, 26 N. W. 861.

In this case, had Cornell Brothers repudiated the account when they first learned that it was charged to them, the remedy by lien would have been then available to the appellant. When they repudiated the account, the time in which a lien could be claimed had expired, and the appellant was thereby prejudiced by the delay. The account was not repudiated within a reasonable time.

The judgment will be reversed, and the cause remanded with direction to enter a judgment in favor of the appellant.

ELLIS, C. J., PARKER, and WEBSTER, JJ., concur.

FULLERTON, J., concurs in the result.